Filed 11/20/24  P. v. Bennett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100344 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE012184) |
| v. | |
| DEJON ALEXANDRE BENNETT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Dejon Alexandre Bennett asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has identified an error in the trial court's calculation of Bennett's presentence credit and an error in the abstract of judgment.  We order the judgment modified to reflect the accurate number of credits. We also direct the trial court to issue a corrected abstract of judgment.  We affirm the judgment as modified.

1

On April 3, 2021, the victim was sitting in his car when Bennett approached, pointed a gun at him, and demanded he give Bennett his car. The victim tried to take the keys out of the ignition, and a struggle ensued. Bennett fired his gun, striking the victim in the left arm. The victim was treated at a hospital for his injuries.

On April 7, 2021, Bennett was driving and failed to yield when police officers attempted to conduct a traffic stop. He ran multiple red lights and drove into oncoming traffic. He threw a firearm from the car during the chase.

Bennett was charged with attempted carjacking (Pen. Code, §§ 664, 215, subd. (a); count one), unlawfully driving and taking a vehicle (Veh. Code, § 10851, subd. (a); count two), unlawfully carrying a loaded firearm (Pen. Code, § 25850, subd. (a); count three), evading a police officer (Veh. Code, § 2800.2, subd. (a); count four), and misdemeanor resisting a police officer (Pen. Code, § 148, subd. (a)(1); count five). As to count one, the People alleged firearm and great bodily injury enhancements. (Pen. Code, §§ 12022.5, subd. (a), 12022.53, subds. (b)-(d), 12022.7, subd. (a).) One aggravating factor—that the crime involved an attempted or actual taking or damage of great monetary value—was also alleged. (Cal. Rules of Court, rule 4.421(a)(9).)

Bennett pleaded not guilty by reason of insanity, and the trial court appointed a physician and psychologist to evaluate him. In April 2022, the physician submitted a 34-page report and diagnosed Bennett as suffering from post-traumatic stress disorder (PTSD) due to his military service and major depressive disorder. The physician opined that Bennett suffered from PTSD and major depressive disorder at the time of the crimes. The physician further concluded that Bennett knew the nature and quality of his acts and was able to distinguish right from wrong. In preparing his report, the physician interviewed Bennett and reviewed relevant records, including police reports and a summary of his military history. The report noted that Bennett had served in the military from 2012 through 2017, including time in combat, and had been honorably discharged.

In August 2022, the psychologist submitted an 11-page report opining that Bennett suffered from stimulant use disorder and malingering. When Bennett used methamphetamine, he experienced psychotic symptoms including paranoid ideation and delusions related to gang stalking. The psychologist further opined that it was probable that Bennett suffered from stimulant use disorder at the time of the crimes, with his symptoms being a direct result of his drug use. In addition, he had the ability to understand the nature and quality of his acts, to distinguish between right and wrong, and to make and execute a plan of action.

In July 2023, Bennett requested mental health diversion pursuant to Penal Code section 1001.36. He argued that he had been the victim of childhood abuse. In addition, he had watched a friend die while on tour in Afghanistan and experienced homelessness after his honorable discharge. While he was incarcerated for the charged offenses, a county Department of Behavioral Health counselor had examined him and determined that he suffered from schizoaffective disorder, depressive type, and amphetamine use disorder. The counselor described him as suffering from paranoia, depression, anxiety, panic attacks, and auditory and visual hallucinations.

The prosecution opposed the motion, arguing that Bennett's diagnoses were not a motivating, causal, or contributing factor in the crimes. In addition, he posed an unreasonable risk of danger to public safety and was at risk of committing a super strike.

At an August 2023 hearing, the trial court denied Bennett's motion for diversion. The court found by clear and convincing evidence that there was no nexus between Bennett's mental illness and his offenses, reasoning that his mental illness did not cause him to commit the crimes. The court also found that Bennett was at risk of committing a super strike of attempted murder or murder.

In January 2024, Bennett pleaded no contest and stipulated to an aggregate state prison term of 19 years six months, as follows: the upper term of four years six months for count one, 10 years consecutive for the firearm enhancement, three years for the great

3

bodily injury enhancement, and eight months (one-third the middle term) consecutive for each of counts two, three, and four (or two years total).

The trial court sentenced Bennett to state prison for an aggregate term of 19 years six months, as set out in the stipulated plea. The court also imposed a $2,000 restitution fine (Pen. Code, § 1202.4, subd. (b)) and a corresponding $2,000 parole revocation fine (suspended unless parole is revoked) (Pen. Code, § 1202.45). The court awarded 1,031 days of credit, which it stated reflected 897 actual days and 135 days of conduct credit.

Bennett filed a timely appeal. Although he did not initially seek a certificate of probable cause, he later requested one on the issue of whether the trial court had abused its discretion in denying his motion for mental health diversion. The trial court granted the request in June 2024.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Bennett was advised by counsel of his right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from him.

Our review of the record reveals that the trial court awarded "1,031 days [of credit] toward [Bennett's] sentence." That figure was intended to represent the sum of 897 actual custody credits and 135 days of conduct credit. The sum of 897 and 135, however, is 1,032 days. To correct this apparent calculation error, we modify the judgment to reflect that Bennett is entitled to 1,032 days of credit. No change to the abstract of judgment is necessary because it already states the 1,032-day total.

Our review of the record also reveals that the abstract of judgment lists a $200 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)) and a $150 criminal conviction assessment fee (Gov. Code, § 70373), even though the trial court did not orally impose

4

those fees during sentencing.  It is well established that the trial court's oral pronouncement of judgment controls, and an abstract of judgment must not modify the judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Accordingly, we will order the trial court to issue a corrected abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to Bennett.

DISPOSITION

The judgment is affirmed as modified to reflect 1,032 days of credits.  The trial court is directed to prepare a corrected abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
FEINBERG, J.

We concur:

/s/
HULL, Acting P. J.

/s/
MAURO, J.

5